UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTHIA ENGONWEI MUNOH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center,<br><br>Respondent. | Case No.: 26-CV-1773 JLS (DDL)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Synthia Engonwei Munoh's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondent's Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 3). Petitioner did not file a traverse. *See generally* Docket. Petitioner, a citizen of Cameroon, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since April 4, 2025, when she entered the United States. Pet. ¶ 1. Petitioner has been detained for nearly one year and alleges that months have passed without "meaningful progress" in her appeal of an immigration judge's decision granting DHS's motion to pretermit in her asylum case. *Id.* ¶¶ 2–6.

1

Respondent "acknowledges that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and therefore, "concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." Ret. at 1.

Accordingly, as Respondent does not oppose providing a bond hearing in this matter, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondent to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondent's custody. The Parties **SHALL** file a Joint Status Report by <u>April 24, 2026</u>, informing the Court of the outcome of the hearing.

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet at 16. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed

to submit an attorney fee application and corresponding billing records within <u>thirty (30)</u> <u>days</u> of this Order, and Respondent is instructed to file any opposition within <u>fourteen (14)</u> <u>days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

26-CV-1773 JLS (DDL)